(February 9, 2017)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL L. STEVENS, Appellant. [46 NYS3d 435]—

---

McCarthy, J.P. Appeal from a judgment of the County Court of Broome County (Cawley, J.), rendered July 23, 2013, convicting defendant upon his plea of guilty of the crime of course of sexual conduct against a child in the first degree.

Defendant pleaded guilty to course of sexual conduct against a child in the first degree and the plea agreement included the waiver of the right to appeal. County Court thereafter sentenced him to five years in prison, to be followed by 10 years of postrelease supervision. Defendant now appeals.*

We affirm. Initially, the People concede, and we agree, that defendant did not knowingly, intelligently and voluntarily waive the right to appeal his conviction and sentence (*see People v Lopez*, 6 NY3d 248, 256 [2006]). As to defendant's contention that the sentence is harsh and excessive due to the period of postrelease supervision imposed, we are unpersuaded. The term of postrelease supervision imposed was less than the maximum permitted by statute (*see* Penal Law §§ 70.02 [1] [a]; 70.80 [1] [b]; 70.45 [2-a] [f]). Further, having reviewed the record, and taking into consideration the seriousness of his crime, we discern neither an abuse of discretion nor any extraordinary circumstances warranting a reduction of the sentence in the interest of justice (*see People v Taft*, 115 AD3d 1095, 1095 [2014]; *People v McCombs*, 83 AD3d 1296, 1296 [2011]).

Garry, Lynch, Rose and Aarons, JJ., concur. Ordered that the judgment is affirmed.

---

* Although defendant's notice of appeal contains an error in the crime of conviction, we will overlook the error and treat the notice of appeal as valid (*see* CPL 460.10; *People v Saunders*, 127 AD3d 1420, 1420 n [2015], *lv denied* 26 NY3d 935 [2015]).